■ In the Matter of 21 AUTO REPAIR, INC., Doing Business as KING BEAR, Petitioner, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles, Respondent. — Proceeding pursuant to CPLR article 78 to review four determinations of the respondent, dated January 5 and 6, 1981, which affirmed decisions of the Administrative Law Judge of the Department of Motor Vehicles, which, after a hearing, found petitioner guilty of certain charges, levied fines and suspended and revoked petitioner's repair shop registration. Petition granted to the extent that the determinations are modified, on the law, by annulling the charge of fraud or deceptive practice in performing a partial wheel alignment rather than a complete alignment (Case No. R-9-286), by dismissing that charge, and by vacating the penalties imposed. As so modified, determinations confirmed and petition otherwise dismissed on the merits, without costs or disbursements, and the matter is remitted to the respondent for the imposition of sanctions with regard to the charges which are sustained. Petitioner, owner of an automobile repair shop, was charged, *inter alia*, with violating repair shop subdivision (h) of regulation

82.5 (15 NYCRR 82.5 [h]) by committing a fraud or deceptive practice involving a wheel alignment on a 1976 Plymouth automobile (see Charge No. 3 — Case No. R-9-286). With respect to this charge, it appears that the petitioner did not check the torsion bar height. However, it charged the customer only the advertised price for the alignment. It did not charge the additional amount indicated in the advertisement for adjusting torsion bars. While it may be true that petitioner should have advised the customer that his was a car which required the torsion bar to be checked and that, therefore, there would be an additional charge, the respondent has failed to sustain his burden of proving that the petitioner's failure to check the torsion bar amounted to fraud or a deceptive practice. The record contains substantial evidence to support the other findings made by the respondent. Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.